UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

ANDRE M. LOVETT,

Plaintiff,

vs.

COMMISSIONER,
SOCIAL SECURITY ADMINISTRATION,

Defendant.

Case No. 3:10-cv-443

Judge Timothy S. Black

**ORDER GRANTING PLAINTIFF'S MOTION FOR ALLOWANCE OF ATTORNEY FEES (Doc. 17)**

This is a Social Security disability benefits appeal for which Plaintiff was awarded disability benefits. (Doc. 14). Now before the Court is a motion by Plaintiff's counsel (Doc. 17) for a 25% contingency fee award.[1] The motion is premised upon 42 U.S.C. Section 406(1)(A).[2] *See Horenstein v. Sec'y of Health & Human Servs.*, 35 F.3d 261, 262 (6th Cir. 1994).

Plaintiff and his counsel entered into a written contingency-fee agreement, specifying counsel's fee will be 25% of any lump sum award for past-due benefits or a

[1] "[T]he Commissioner does not oppose Plaintiff's attorney's request that this Court order payment of $21,275.00." (Doc. 19).

[2] Section 406(b)(1)(A) provides: Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may, notwithstanding the provisions of section 405(i) of this title, certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits. In case of any such judgment, no other fee may be payable or certified for payment for such representation except as provided in this paragraph.

minimum of $2,000, whichever is greater.[3] (Doc. 17, Ex. 3). The agreement documented both Plaintiff's agreement to pay attorney fees in the amount of 25% of any lump sum award for past-due benefits payable to Plaintiff and counsel's willingness to accept the risk of recovering nothing in the event Plaintiff received no past-due benefits. *Id.*

While an agreement between an attorney and client which provides for a 25% contingent fee is given a presumption of reasonableness, the agreement is not binding on the court. *See Rodriguez v. Bowen,* 865 F.2d 739, 746 (6th Cir. 1989) (*en banc*). Plaintiff's attorney must show, and the Court must affirmatively find, that a contingency fee sought, even one within the 25% cap, is reasonable for the services rendered. *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). Section 406(b) "does not displace contingent-fee agreements" but instead "calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Id.*

An award of attorney fees under Section 406 is not unreasonable merely because it results in an above-average hourly rate. *Royzer v. Sec'y of Health & Human Servs.*, 900 F.2d 981, 982 (6th Cir. 1990). As the Sixth Circuit explained:

> It is not at all unusual for contingent fees to translate into large hourly rates if the rate is computed as the trial judge has computed it here [dividing the requested fee by the number of attorney hours worked]. In assessing the reasonableness of a contingent fee award, we cannot ignore the fact that the attorney will not prevail every time. The hourly rate in the next contingent fee case will be zero, unless benefits are awarded. Contingent fees generally overcompensate in

---

[3] Acting pursuant to 406(b)(1)(A), the Commissioner has withheld 25% of Plaintiff's benefit monies ($35,541.75), as a potential contingency fee to be awarded to Plaintiff's counsel. (Doc. 17 at 1).

some cases and undercompensate in others. It is the nature of the beast.

*Id.* Yet a reduction of the contingency-fee award may be warranted if (1) counsel acted improperly or provided ineffective assistance, or (2) "counsel would . . . enjoy a windfall because of either an inordinately large benefit award or from minimal effort expended." *Id.* "[A] windfall can never occur when, in a case where a contingency-fee contract exists, the hypothetical hourly rate determined by dividing the number of hours worked for the claimant into the amount of the fee permitted under the contract is less than twice the standard rate for such work in the relevant market." *Hayes v. Sec'y of Health & Human Servs.*, 923 F.2d 418, 422 (6th Cir. 1990). This "multiplier of 2 is an appropriate floor in light of indications that social security attorneys are successful in approximately 50% of cases they file in the courts. Without a multiplier, a strict hourly rate would insure that social security attorneys would not, averaged over many cases, be compensated adequately." *Id.*

Counsel certifies that they have spent a total of 48.25 hours representing Plaintiff before this Court and request attorney fees in the sum of $21,275.00, which equates to a $440.93 hourly rate. (Doc. 17, Ex. 1).

This Court has previously held that "based on the skill and experience of Plaintiff's counsel, an appropriate hourly rate would be more in line with the fee charged by at least the 75th percentile of attorneys in Dayton, i.e. an hourly fee in excess of $250.00 per hour." *Pencil v. Astrue*, No. 3:10cv394, 2012 U.S. Dist. LEXIS 135986 (S.D. Ohio Sept. 24, 2012). *See also Kitchen v. Comm'r of Soc. Sec.*, No. 3:09cv193,

2013 U.S. Dist. LEXIS 38005 (S.D. Ohio Mar. 19, 2013) (approving an hourly rate of $548.60) (J. Rice). Accordingly, this Court has repeatedly recognized that the amount of $540.00 per hour for representation by experienced counsel on a contingent fee case is within the reasonable range. Moreover, there are no allegations of improper conduct or ineffectiveness of counsel, nor any suggestion that counsel expended only minimal effort. In light of counsel's experience in Social Security matters, it does not appear that the requested fee ($21,275.00) would result in an undeserved windfall.

Accordingly, Plaintiff's motion for allowance of attorney fees (Doc. 17) is **GRANTED** and the Commissioner is directed to pay Plaintiff's attorney fees pursuant to 42 U.S.C. § 406(b) in the total amount of $21,275.00.

**IT IS SO ORDERED.**

Date: 4/11/13

Timothy S. Black
Timothy S. Black
United States District Judge